UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

U.P. RENTALS, INC.,

    Plaintiff,

v.                                                                   Case No. 2:07-cv-108
                                                                     CONSENT CASE

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

STACEY STACHNIK ENTERPRISES, INC.,

    Plaintiff,

v.                                                                     Case No. 2:07-cv-109

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

**OPINION**

        Plaintiffs U.P. Rentals, Inc. ("U.P. Rentals") and Seney Spirit Store and Gas Station ("Seney") filed these declaratory judgment actions in the Schoolcraft County Circuit Court, requesting a ruling to determine whether defendant Evanston Insurance Company ("Evanston") owed a duty to defend and indemnify plaintiffs in a separate civil suit which is pending in Schoolcraft County Circuit Court relating to a snowmobile accident. The cases were removed to this Court pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship under 28 U.S.C. § 1332. Plaintiffs in this action are defendants in the lawsuit filed against them by Christopher and April Dirla in Schoolcraft County Circuit Court. The underlying civil lawsuit relates to an accident which occurred

on December 12, 2005, when Christopher Dirla sustained injuries after being struck by a snowmobile. The snowmobile was owned by plaintiff U.P. Rentals and was rented to Jason Warren Sunkle by plaintiff Seney. Defendant Evanston had issued a general liability insurance policy to plaintiffs U.P. Rentals and Seney. Defendant Evanston maintains that it owes no coverage under the policy as there is an exclusion for the operation of snowmobiles on public roads unless the road is designated as part of a snowmobile trail or snowmobile crossing. The parties have fully briefed the issues presented and the matter is ready for a decision.

Both parties recognize that this Court's exercise of jurisdiction under the Declaratory Judgment Act, 29 U.S.C. § 2201(a), is not mandatory. *See Bituminus Cas. Corp. v. J & L Lumber, Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). The Sixth Circuit's decision in *Bituminus* requires this Court to examine five factors to determine whether or not this Court should retain jurisdiction or remand:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id*. at 813.

I have carefully considered the five factors and conclude that the prudent course is for this Court to decline to exercise jurisdiction in this matter and remand to state court. To resolve the issue presented in the instant case, the Court would be required to interpret the provision

excluding coverage for operation of snowmobiles on public roads unless the operation was in an area designated as part of a snowmobile trail or snowmobile crossing. This includes resolution of factual issues which will be presented to the state court in the underlying claim. Moreover, the question of whether or not a public road has been designated a snowmobile trial or crossing is a question of state law. The undersigned concludes that the better and more effective way to resolve this issue is to present it to the state court which is in a better position to resolve these questions of fact and law. Economy and efficiency strongly support the state court resolving these issues. There is no suggestion that the state court cannot resolve these questions, nor that the state court cannot do so in a timely and effective manner. Accordingly, plaintiffs' motion to remand will be granted and these cases will be remanded.

        /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   November 21, 2007